## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

ANTOINE LAMONT ROYSTER, #294882

        Petitioner,

v.                       CIVIL ACTION NO. 2:05cv671

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner, Antoine Lamont Royster ("Royster"), was convicted by a jury in the Circuit Court for the City of Portsmouth, Virginia ("Circuit Court"), on August 31, 1999, of one (1) count of first-degree murder, one (1) count of robbery, and two (2) counts of use of a firearm in the commission of a felony.[1] Royster was sentenced

---

[1]Royster was represented at trial by court-appointed counsel, Michael Rosenberg, Esq. ("Rosenberg") and James E. Short, Esq. ("Short"). Rosenberg and Short were also appointed per the Circuit

to two (2) life imprisonment terms, plus eight (8) years, as reflected in the Court's Sentencing Order of July 26, 2000.[2]

On September 14, 2000, Royster noted his intent to appeal to the Court of Appeals of Virginia ("Court of Appeals"). Royster's appeal was denied as not timely filed on October 19, 2000. Royster v. Commonwealth, No. 1881-00-1 (Va. Ct. App. Oct. 19, 2000). On November 20, 2000, Royster filed an appeal[3] with the Supreme Court of Virginia, which was refused on March 22, 2001. Royster v. Commonwealth, No. 002749 (Va. Mar. 22, 2001). Royster did not file a petition for certiorari with the United States Supreme Court.

On July 11, 2002, Royster filed a petition for a writ of habeas corpus in the Circuit Court. On January, 27, 2003, the Circuit Court granted the writ as to Royster's right to file a belated appeal in the Court of Appeals, but denied and dismissed the remainder of Royster's claims. Royster v. Braxton, No. L-02-2249 (Va. Cir. Ct. Jan. 27, 2003) ("Royster I").

---

Court's sentencing order to perfect an appeal.

[2]The sentencing hearing was held on July 25, 2000.

[3]The grounds for this appeal were essentially:
(1) The trial court's denial of Royster's motion to suppress his statement of January 22, 1999, was reversible error.
(2) The trial court's denial of Royster's motion to suppress his statement of January 23, 1999, was reversible error.
(3) The evidence was insufficient as a matter of law to sustain Royster's convictions.

On August 6, 2003, Royster filed his petition for appeal[4] with the Court of Appeals, which was denied on the merits[5] on December 4, 2003.  Royster v. Commonwealth, No. 0684-03-1 (Va. Ct. App. Dec. 4, 2003) ("Royster II").  On December 19, 2003, Royster requested a rehearing by a three-judge panel, which was denied on March 23, 2004.[6]  Royster v. Commonwealth, No. 0684-03-1 (Va. Ct. App. Mar. 23, 2004).  On April 14, 2004, Royster filed a petition for appeal[7] with the Supreme Court of Virginia, which was summarily denied on September 20, 2004.  Royster v. Commonwealth, No. 040828 (Va. Sept. 20, 2004) ("Royster III").  Royster did not file a petition for

_____

[4]Diane G. Ringer, Esq., represented Royster for this appeal. The grounds for the appeal were essentially:
    (1) The trial court erred in overruling Royster's motion to suppress two (2) statements he made to police.
    (2) The trial court erred in allowing the victim's brother to testify during the guilt phase that the victim was married and had children.
    (3) The trial court erred in denying Royster's motion to strike because the evidence was insufficient to support the jury's verdicts.

[5]The appeal was denied for essentially the following reasons:
    (1) Based on a review of the "totality of the circumstances," Royster was not "in custody" when he made the statements, so Miranda warnings were not required, and the trial court did not err in denying Royster's motion to suppress the statements.
    (2) It was harmless error for the trial court to allow the testimony that the victim was married and had children.
    (3) The Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty, "at least as a principal in the second degree," of robbery and murder.

[6]This denial was for the same reasons set forth in the Court of Appeals' March 23, 2004, Order.  See supra, note 5.

[7]This appeal raised essentially the same grounds presented to the Court of Appeals.  See supra, note 4.

certiorari with the United States Supreme Court.

On December 13, 2004, Royster filed a pro se petition for appeal of his first state habeas petition with the Supreme Court of Virginia, which was dismissed as untimely on February 1, 2005. Royster v. Braxton, No. 042825 (Va. Feb. 1, 2005) ("Royster IV").

On January 6, 2005, Royster filed a second pro se petition for habeas corpus with the Circuit Court, which was denied on March 8, 2005, as being a successive petition.  Royster v. Robinson, No. L-05-20 (Va. Cir. Ct. Mar. 8, 2005) ("Royster V").  Royster filed an appeal of that denial with the Supreme Court of Virginia, which was refused on October 20, 2005, because the court found no reversible error.  Royster v. Robinson, No. 050960 (Va. Oct. 20, 2005) ("Royster VI").

On November 3, 2005, while in the custody of the Virginia Department of Corrections at the Sussex II State Prison, Royster executed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Petition").  The Court received and conditionally filed[8] this petition on November 14, 2005.  On

---

[8]This petition was accompanied by the $5.00 filing fee.  The petition was postmarked November 4, 2005, was received by the United States District Court for the Eastern District of Virginia, Richmond, on November 7, 2005, and was conditionally filed with this Court on November 14, 2005.  The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.  As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.  In this case, as there is no evidence in

December 2, 2005, this Court entered an Order filing Royster's petition.  On January 3, 2006, Respondent filed Respondent's Motion to Dismiss and Rule 5 Answer, accompanied by a supporting brief ("Respondent's Brief") and a Notice of Motion Pursuant to Local Rule 7(J).[9]  On January 25, 2005, Royster filed his Brief in Opposition of [sic] Respondent's Motion to Dismiss ("Royster's Response").[10]

**B.  <u>Grounds Alleged</u>**

Royster now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:[11]

_____

the record to the contrary, the Court will assume that Royster delivered his federal habeas petition for mailing on the date he signed the petition, November 3, 2005.  Further, the Court considers Royster's petition as filed, for statute of limitations purposes, on that date.

On January 18, 2006, the Court received a letter, which the Court construed as a motion to proceed <u>in forma pauperis</u>, because Royster could not pay the court fees for the cost of copies of his petition.  On January 18, 2006, the Court entered an Order denying this motion because there is no provision allowing the Court to direct payment for such costs.

[9]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of <u>Roseboro v. Garrison</u>, 582 F.2d 309 (4th Cir. 1975).  This included advising Royster that he had twenty (20) days in which to file a response to the Motion to Dismiss.

[10]On January 18, 2006, Royster filed a Motion for Extension of Time, which the Court granted by Order on January 23, 2006.

[11]Royster made statements to the police on January 22, 1999, January 23, 1999, and January 26, 1999.  His claims in the instant petition present various grounds for challenging combinations of

5

(1)   Counsel was ineffective for failing to object to the perjured testimony of Tavondeia Ellis and for failing to preserve this issue for appellate review;

(2)   Counsel was ineffective for failing to advise Royster of viable defenses, including his right to a suppression of evidence hearing; for failing to timely file a suppression of evidence motion; and for coercing, pressuring, and manipulating Royster into making a false and incriminating statement;

(3)   Counsel was ineffective for failing to object to the perjured testimony of Treslyn Ward and for failing to preserve this issue for appellate review;

(4)   Counsel was ineffective for failing to preserve for appellate review the Commonwealth's use of perjured testimony to obtain a conviction;

(5)   Counsel was ineffective for failing to move the court to instruct the jury on the necessity of proof of guilt beyond a reasonable doubt and for failing to preserve this issue for appellate review;

(6)   Counsel was ineffective for failing to object when the trial court altered Royster's grand jury indictment and for failing to preserve this issue for appellate review;

(7)   Counsel was ineffective for failing to object to the trial court's instructions to the jury on charges for which Royster was neither arraigned nor indicted and for failing to preserve this issue for appellate review;

(8)   Counsel was ineffective for failing to object to the Commonwealth's use of his January 22, 1999, and January 23, 1999, statements "obtained in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966)," and for failing to preserve this issue for appellate review;

---

these claims.

(9)  Counsel was ineffective for failing to "adequately, properly, and professionally" conduct meetings with Royster and Royster's witnesses and for failing to prepare witnesses for the suppression hearing;

(10) Counsel was ineffective for failing to put on any evidence on behalf of petitioner and for failing to investigate, interview, or call potential witnesses, including several law enforcement officers;

(11) The Circuit Court violated Royster's right to due process by altering the grand jury indictment;

(12) The Circuit Court violated Royster's right to due process by allowing the Commonwealth to use Royster's January 26, 1999, statement against Royster;

(13) The Circuit Court violated Royster's right to due process by not holding a hearing to determine if Royster's January 26, 1999, statement was inadmissible as the "fruit" of his January 23, 1999, statement;

(14) The Circuit Court violated Royster's right to due process and privilege against self-incrimination by denying Royster's motion to suppress statements taken on January 22, 1999, and January 23, 1999, in violation of <u>Miranda</u>;

(15) The Circuit Court violated Royster's right to due process by failing to instruct the jury on the necessity of proof beyond a reasonable doubt;

(16) The Commonwealth's Attorney violated Royster's right to due process by deceiving the Circuit Court during Royster's suppression hearing about the role the Commonwealth's Attorney played in Royster's "interrogation";

(17) The Commonwealth's Attorney violated Royster's right to due process by using Royster's January 26, 1999, statement against Royster at trial;

(18) The Commonwealth's Attorney violated Royster's right to due process by knowingly presenting false testimony at trial;

7

(19) Counsel was ineffective for failing to suppress his January 26, 1999, statement "made during plea negotiations" and for failing to preserve the issue for appellate review;

(20) Counsel was ineffective for failing to move for suppression of Royster's January 26, 1999, statement, at trial, and for failing to preserve the issue for appeal.

Royster's second state habeas petition for a writ of habeas corpus asserted essentially the same claims for relief, but was procedurally barred from review as a "successive petition." Royster V, at 2. Royster's first state habeas petition also asserted claims 9, 10, 12, 14, 15, 18, 21, and 22, as set forth in the instant petition.[12] As stated, supra, the Circuit Court denied and dismissed these allegations. Royster failed to timely appeal the dismissal of his first petition. Consequently, the Supreme Court of Virginia never addressed Royster's state habeas claims on the merits.

## II. **PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**

As a preliminary matter, the Court considers Royster's request

---

[12]Royster's assertion that some of his other claims were "raised in similar fashion" in his first habeas petition is misplaced. See e.g., Royster's Response, at 3-4. As conceded by Royster, see id. at 4, he added references to Strickland v. Washington, 466 U.S. 668 (1984), to some of his claims, thereby adding new controlling law to those claims, which contrary to Royster's assertions, changes the "foundations of th[ese] claim[s]." See id. Because the Court finds, infra, that Royster did not exhaust his claims as presented in either state habeas petition, the addition of the new controlling law has no impact on the Court's ultimate recommendation that Royster's claims be dismissed.

for an evidentiary hearing.  Federal Petition, at 42.  The Court
has determined that an evidentiary hearing is not required, as
purely legal issues are presented and the record before the Court
adequately resolves the legal issues raised.  See Rule 8 of the
Rules Governing Section 2254 Cases.  Accordingly, the Court DENIES
Royster's motion for an evidentiary hearing.

### III.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need only address the merits of Royster's claim 14
because the Court FINDS that the remainder of his claims are
procedurally defaulted before this Court.[13]

### A.  Procedural Default

Generally, a § 2254 petitioner must exhaust his claims in
state court before he may be heard in federal court.  Longworth v.
Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004); Clagett v. Angelone,
209 F.3d 370, 378 (4th Cir. 2000); Matthews v. Evatt, 105 F.3d 907,

---

[13]The Court notes that Respondent has not addressed whether
Royster's petition was timely filed.  Royster's conviction did not
become final until December 19, 2004, ninety (90) days after the
denial of his appeal on September 20, 2004, by the Supreme Court of
Virginia, and the date upon which the period for seeking direct
review of his conviction by the United States Supreme Court
expired.  See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209
F.3d 325, 328 n.1 (4th Cir. 2000).  Accordingly, Royster had one
(1) year from that date, or until December 19, 2005, within which
to file his petition with this Court, or be barred by the
expiration of the statute of limitations.  28 U.S.C. § 2244(d)(1).
Because the instant petition was considered as filed on November 3,
2005, for statute of limitations purposes, it was timely filed in
this Court.  Because the instant petition was timely filed without
accounting for tolling, the Court declines to determine if Royster
was eligible for any tolling corresponding to the filing of his
state habeas petitions.

910 (4th Cir. 1997). If his claims could not be exhausted in state court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Respondent concedes that all of Royster's claims in the instant petition were exhausted because each was presented in his second state habeas petition, Royster V, which was appealed to the Supreme Court of Virginia. Royster VI; Respondent's Brief, at 14. Respondent asserts, however, that the claims set forth in that petition are also defaulted because they were barred from the Supreme Court of Virginia's review on procedural grounds.[14] Respondent's Brief, at 16. The Circuit Court denied that petition as successive, pursuant to Va. Code Ann. § 8.01-654(B)(2), Royster V, at 2, and the Supreme Court of Virginia summarily refused the appeal of that petition because it found no reversible error, Royster VI, at 1. The United States Supreme Court has specified that "where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and

---

[14]The Court notes that Respondent concedes that claim 14 is not procedurally defaulted because it was considered on the merits on direct appeal. Respondent's Brief, at 16. The Court considers that issue, infra.

consider the merits." <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991). Accordingly, the Court construes the Supreme Court of Virginia's dismissal of Royster's appeal, <u>Royster VI</u>, as relying on the same procedural bar, Va. Code Ann. § 8.01-654(B)(2), relied on by the Circuit Court, <u>Royster V</u>, at 2. The Fourth Circuit has held Va. Code Ann. § 8.01-654(B)(2) to be an "adequate and independent state ground" barring federal habeas review of the dismissed claims. <u>Pope v. Netherland</u>, 113 F.3d 1364, 1372 (4th Cir. 1997). Consequently, if Royster had only raised the claims in the instant petition in his second state habeas petition, they would be procedurally defaulted before this Court, as Respondent asserts. Respondent's Brief, at 16. This Court must, however, also consider any claims raised to the Supreme Court of Virginia through Royster's first state habeas petition, and on direct appeal.

The Court finds that claims 9, 10, 12, 14, 15, 18, 21, and 22, as set forth in the instant petition were also included in Royster's first state habeas petition; accordingly, if they were considered by the Supreme Court of Virginia on the merits, they would not be procedurally defaulted. <u>See O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) ("[P]risoners must give the state courts one full opportunity to resolve any constitutional issues."). Respondent asserts, however, that these claims are still procedurally defaulted because the Supreme Court of Virginia denied

review of the claims in Royster's appeal on procedural grounds.[15]
Respondent's Brief, at 15.  The Supreme Court of Virginia dismissed
the appeal of the denial of that petition as not timely filed,
pursuant to Va. Sup. Ct. R. 5:17(a)(1).  Royster IV, at 1.  The
Fourth Circuit has held that this rule is an "adequate and
independent state ground" barring federal habeas review of the
dismissed claims.  Spencer v. Murray, 5 F.3d 758, 761 (4th Cir.
1993).  Consequently, the inclusion of claims 9, 10, 12, 14, 15,
18, 21, and 22, in Royster's first habeas petition was insufficient
to save these claims from being procedurally defaulted.

Because Royster's claims could also survive procedural default
if they were considered on the merits by the Supreme Court of
Virginia during direct appeal, the Court now reviews that appeal.[16]
In Royster's appeal, he essentially raised claim 14,[17] that the
Circuit Court erred in denying his motion to suppress his first two
(2) statements made to police, allegedly in violation of Miranda.
Respondent concedes that this claim was not defaulted because of
its inclusion in that appeal.  Respondent's Brief, at 16, 28.  The

---

[15]See supra, note 14.

[16]The Court notes that Royster filed two (2) appeals, the first
of which was dismissed by the Court of Appeals as not timely filed.
Accordingly, the Court considers only the second appeal, which was
considered by the Court of Appeals and the Supreme Court of
Virginia on the merits.  Royster II; Royster III.

[17]The other two (2) claims Royster presented on appeal were not
included in the instant petition.

12

Court finds that the Court of Appeals considered claim 14 on the merits. Royster II, at 1-7.  Accordingly, the Court construes the Supreme Court of Virginia's summary dismissal of the subsequent appeal of that claim, Royster III, as also based on the merits. See Ylst, 501 U.S. at 803.  Accordingly, this claim is not procedurally defaulted.

Because the remainder of Royster's claims were only raised in the state habeas appeals, which were dismissed on "adequate and independent state grounds," supra, all of Royster's claims except claim 14 are procedurally defaulted.  Consequently, this Court is barred from reviewing those claims, and will only review claim 14 on the merits, infra.

### B. Limited Exceptions to Procedural Default

Although Royster's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted.  Clagett, 209 F.3d at 379 (citing Coleman, 501 U.S. at 750); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the State's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray

v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause"
> include: (1) "interference by officials that
> makes compliance with the State's procedural
> rule impracticable"; (2) "a showing that the
> factual or legal basis for a claim was not
> reasonably available to counsel"; (3) the
> novelty of the claim; and (4) constitutionally
> ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting

McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)).  An absence of due

diligence by the petitioner will defeat an assertion of cause.  See

Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

In his response to Respondent's Motion to Dismiss, Royster

asserts both cause and prejudice and miscarriage of justice.

Royster's Response, at 1.  Royster states that "[c]ause for [his]

failure to file his notice and petition of appeal was due to the

mandatory exhaustion requirement before said claims and trial court

errors could be presented in a petition for writ of habeas corpus."

Id. at 2.  Royster has provided no support for this claim, and the

Supreme Court of Virginia's dismissal of Royster's appeal of his

first habeas appeal on timeliness grounds shows the contrary, that

he was expected to diligently pursue his direct and habeas appeals

simultaneously.  See Royster IV, at 1.

Royster asserts he was unable to bring his claims 1 through 13

on direct review because trial counsel failed to file the required

notice of appeal, Royster had to file a writ of habeas corpus to

obtain an appeal, and Royster did not know which claims were

suitable for appellate review or collateral attack, until he was appointed counsel for his appeal. Royster's Response, at 2-3. These assertions provide no explanation for Royster's failure to appeal the claims he had already set forth in his first state habeas petition.

Royster also raises the issue of ineffective assistance of trial counsel for failing to preserve issues for direct appeal. Royster's Response, at 3. Even if, arguendo, counsel was ineffective at trial, Royster has not shown how that ineffectiveness prevented him from timely filing his pro se state habeas appeal. There is no constitutional right to effective assistance of counsel for collateral proceedings. Wainright v. Torna, 455 U.S. 586, 587-88 (1982).

Finally, Royster asserts that he did not learn of the grounds for claim 4, that counsel was ineffective for failing to preserve issues for appeal, until after he filed his first state habeas petition. Royster's Response, at 4. Royster asserts that he did not learn he could only appeal issues "preserve[d] . . . for direct appellate review" until he was appointed counsel for his "belated" appeal. Id. at 3. This reason is insufficient to establish cause, because it is not an "objective factor external to the defense."[18]

_____

[18]Indeed, even were the Court to construe Royster to argue that he should be excused for his unfamiliarity with the legal system and his pro se status, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray, 477 U.S. at 488. See, e.g., Dellinger v. Bowen, 301 F.3d

<u>Strickler</u>, 527 U.S. at 283 n.24.  Further, it does not explain why Royster did not timely appeal the claims he had knowledge of and had already included in his first state habeas petition.

Royster has not established that his failure to timely file an appeal was anything other than a lack of due diligence.  <u>See</u> <u>Hoke</u>, 92 F.3d at 1354 n.1.  Accordingly, the Court finds he has not established the requisite cause for this Court to make an exception to procedural default.  Further, Royster has failed to show any prejudice beyond claiming that failing to make an exception to procedural default will prevent his petition from being considered. Royster's Response, at 2.

In order to satisfy the miscarriage-of-justice exception, Royster must show that absent the errors set forth in his petition, no reasonable juror would have found him guilty of the offenses. <u>See</u> <u>Weeks</u>, 176 F.3d at 269.  For his claim of miscarriage of justice, Royster does not make such a showing, but relies on <u>Bowman v. Washington</u>, 269 Va. 1 (2005), to claim that when his first state habeas petition was dismissed, that dismissal should have been

---

758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), <u>cert. denied</u>, 537 U.S. 1214 (2003); <u>Washington v. James</u>, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (<u>pro se</u> petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

"without prejudice," in order to allow him to refile following completion of his direct appeal.  Royster's Response, at 1, 3. Royster claims he relied on Bowman in both his second state habeas petition, and its appeal, but the Circuit Court and Supreme Court of Virginia "denied relief both times." Royster's Response, at 8. Royster now claims that those decisions denied him "equal protection."  Id.  Royster has failed to provide any case law supporting this equal protection assertion.

In addition to Bowman, Royster cites In re Goddard, 170 F.3d 435 (4th Cir. 1999), In re Taylor, 171 F.3d 185 (4th Cir. 1999), Shepeck v. United States, 150 F.3d 800 (7th Cir. 1998), and United States v. Scott, 124 F.3d 1328 (10th Cir. 1997), as support for his claim that his second petition should not have been dismissed as "successive."  All of these cases involved interpretations of 28 U.S.C. § 2255 as applied to federal habeas claims, Taylor, 171 F.3d at 187; Goddard, 170 F.3d at 435; Shepeck, 150 F.3d at 800; Scott, 124 F.3d at 1328, and consequently, do not constrain the Supreme Court of Virginia's interpretation of state habeas laws.

Ultimately, Royster has failed to satisfy the "miscarriage of justice" requirement of showing that no reasonable juror would have found him guilty absent the purported errors.  See Weeks, 176 F.3d at 269.  Accordingly, this Court finds that Royster is not entitled to an exception to procedural default, and recommends that all of Royster's claims, except claim 14, be DENIED as procedurally

17

defaulted.

### B.  <u>Merits</u>

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000). <u>See also</u> <u>Bell v. Jarvis</u>, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in <u>Williams</u>[].") Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." <u>Williams</u>, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court

18

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable." Id. at 411.

In claim 14 of the instant petition, Royster states that the trial court erred in denying his motion to suppress his statements to police, because those statements were obtained in violation of Miranda.  Federal Petition, at 26.  Because the Supreme Court of Virginia summarily refused Royster's petition for appeal, this Court looks to the disposition of his appeal in the Court of Appeals as the last reasoned state judgment on this claim.  Ylst, 501 U.S. at 803.  Royster has not demonstrated that the Court of Appeals' decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  See 28 U.S.C. § 2254(d).  The formal advisement of rights was established in Miranda, solely for suspects "in custody."  Miranda, at 478; Oregon v. Elstad, 470 U.S. 298, 309 (1985).  The United States Supreme Court has stated:

> police officers are not required to administer Miranda warnings to everyone whom they question.  Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect.  Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him "in custody."

Oregon v. Mathiason, 429 U.S. 492, 495 (1977).  "[T]he ultimate

19

inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam).  Relying on this federal case law, the Court of Appeals reviewed the circumstance in Royster's case, that Royster "was asked to visit the police station and did so at times convenient for him"; that "[t]he interviews lasted less than an hour"; and that "[a]lthough the police advised [Royster] he was a suspect, they also told him he was not under arrest and was free to leave at anytime." Royster III, at 6.

In support of claim 14, Royster simply restates the testimony already considered by the trial and appellate courts. Federal Petition, at 24-26.  Royster asserts that when he made a statement to police on January 23, 1999, that statement was not "voluntary" because Royster "was threatened to appear."  Federal Petition, at 26.  Further, Royster states he "felt as though he wasn't free to leave without being charged [with capital murder]"; he "asked for a lawyer, but was denied one"; and the police "threatened and deceived" him in the course of the interview.  Id. (emphasis omitted).  The Court of Appeals' decision to accord more credibility to the detective who conducted the interview than to Royster and his wife, Royster III, at 6, does not render the court's findings of facts relying on that detective's statement unreasonable.  See United States v. Deans, No. 99-4777, 2000 U.S.

App. LEXIS 6181, at *2 (4th Cir. Apr. 4, 2000) (per curiam).

As further support for this claim, Royster quotes from Justice Marshall's dissent in Mathiason, 429 U.S. at 496, for the proposition that a person who has an "objectively reasonable belief that he was not free to leave during questioning," was "deprived of his freedom of action in a significant way."  Royster's Response, at 26 (internal quotations omitted).  Reasoning set forth in a dissent cannot be relied on as "established federal law" to show that a state court's resolution of a habeas claim was unreasonable.  To the contrary, looking to the majority opinion of this case, the state court's dismissal of this claim was not unreasonable because it applied the same criteria set forth by the majority in Mathiason to find that Royster was not in custody during his interview.[19] Mathiason, 429 U.S. at 495-96.

Royster also cites Arizona v. Fulminante, 499 U.S. 279 (1991), as additional support for claim 14.  In that case, the United States Supreme Court found that the defendant's confession was coerced because the defendant had been threatened with physical violence.  Fulminante, 499 U.S. at 287-88.  Although Royster claims

---

[19]

>He came voluntarily to the police station, where he was immediately informed that he was not under arrest.  At the close of a 1/2-hour interview respondent did in fact leave the police station without hindrance. . . .  The officer's false statement . . . has nothing to do with whether respondent was in custody.

Mathiason, 429 U.S. at 495-96.

that his "life and liberty" were threatened, Royster's Response, at 25, he has not shown that the state court's findings of fact to the contrary were unreasonable.  Consequently, he has not shown that the state court unreasonably applied the federal law set forth in Fulminante.

Based on the foregoing, this Court FINDS that Royster has failed to establish that admission of his confession violated his Fifth and Fourteenth Amendment privilege against self-incrimination, and there has been no showing that the state court's determination was either legally or factually unreasonable.  As such, the Court recommends that the claim be DENIED.

## IV. **RECOMMENDATION**

For the foregoing reasons, the Court, having denied Royster's motion for an evidentiary hearing, recommends that Royster's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Royster's claims be DISMISSED WITH PREJUDICE.

Royster has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b).

2.  A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
_____
F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia

August 11, 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

    Antoine Lamont Royster, #294882
    Sussex II State Prison
    24427 Musselwhite Drive
    Waverly, Virginia 23891
    PRO SE

    Virginia Bidwell Theisen, Esq.
    Assistant Attorney General
    Office of the Attorney General
    900 E. Main Street
    Richmond, Virginia 23219
    COUNSEL FOR RESPONDENT

                              Fernando Galindo,
                              Acting Clerk of Court


                    By:  _____
                         Deputy Clerk

                         August    , 2006